IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENRICO F. LANZA, JR., | : | Civil No. 3:17-cv-1318 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| MICHAEL A. MOCLOCK, M.D., et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Enrico Lanza ("Lanza"), an inmate currently confined at the State Correctional Institution in Coal Township, Pennsylvania ("SCI-Coal Township"), filed the instant petition for a writ of mandamus (Doc. 32), wherein he seeks an order from this Court for an independent medical examination with a specialist to assess his medical condition. For the reasons set forth below, the Court will deny the petition.

I.  **Discussion**

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a drastic measure "to be invoked only in extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 935 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, (1980)). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear

and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 705, 710 (2010) (*per curiam*) (quotation marks and punctuation omitted). Lanza cannot establish a clear and indisputable right to the issuance of a writ. Nor can he demonstrate that the writ is appropriate under the circumstances.

Lanza moves for the appointment of an expert to evaluate his medical condition. Although Lanza does not indicate under what rule he proceeds, the Court assumes he is moving under Federal Rule of Civil Procedure 35. Rule 35 empowers a court to "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a)(1). However, federal courts have held that Rule 35 does not allow a party, even an indigent party or prisoner, to seek his own examination. *Smith v. Carroll*, 602 F.Supp.2d 521, 525 (D. Del. 2009). Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party." *Brown v. United States*, 74 F. App'x 611, 614 (7th Cir. 2003), *cert. denied*, 540 U.S. 1132, 124 S.Ct. 1107, 157 L.Ed.2d 936 (2004). Furthermore, Lanza does not indicate who will bear the cost for the proposed medical examination. Civil litigants, even indigent ones, have no legal right to such aid. *Id.* Consequently, the Court will deny Lazna's request for the appointment of an expert because he has no right to an

order for an independent physical examination under Federal Rule of Civil Procedure 35.

II. **Conclusion**

Based on the foregoing, the Court will deny the petition for a writ of mandamus seeking an order from this Court for an independent medical examination.

A separate Order shall issue.

Dated: April 23, 2018

Robert D. Mariani
United States District Judge