IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENRICO F. LANZA, JR., | : | Civil No. 3:17-cv-1318 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| MICHAEL A. MOCLOCK, M.D., *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff, Enrico Lanza ("Lanza"), an inmate currently confined at the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal Township"), filed the instant petition for writ of mandamus (Doc. 42), wherein he seeks an Order from this Court compelling prison officials at SCI-Coal Township to provide him with specific medical treatment. For the reasons set forth below, the Court will deny the petition.

I. **Discussion**

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is a drastic measure "to be invoked only in extraordinary situations." *Stehney v. Perry*, 101 F.3d 925, 935 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35, (1980)). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear

and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 705, 710 (2010) (*per curiam*) (quotation marks and punctuation omitted).

Lanza seeks a writ of mandamus compelling prison officials to provide specific medical treatment for his leg and foot. "[T]he government[ ] [is] obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, "[a] prisoner does not have the right 'to choose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (citation omitted). Therefore, Lanza is not entitled to the medical care of his choosing. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Estelle*, 429 U.S. at 103-04) (noting that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing). Lanza has thus failed to establish that he has a "clear and indisputable right" to the specific medical treatment that he requests or that Defendants have a clear nondiscretionary duty to provide the requested relief. *See Maxwell v. United States*, 2008 WL 4609996, at *2 (M.D. Pa. 2008) (citation omitted) (dismissing inmate request for mandamus relief to compel the Federal Bureau of Prisons to provide him with medical care because, *inter alia*, "there is no clear non-discretionary duty placed upon the [Federal Bureau of Prisons] to provide prisoners with a specific type of treatment"). As such, issuance of a writ of mandamus in this case is inappropriate.

## II. Conclusion

Based on the foregoing, the Court will deny the petition for writ of mandamus. A separate Order shall issue.

Dated: August 5th, 2019

Robert D. Mariani
United States District Judge

3